IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATTIE POKORNY AND CHRISTOPHER POKORNY (H/W), | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:14-cv-2960 |
| vs. | ) ) ) | |
| ELI LILLY AND COMPANY, an Indiana Corporation, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

**Response:** The parties conferred on January 8, 2015. Phyllis A. Jones of Covington & Burling LLP represented Eli Lilly and Company; Michael L. Baum and R. Brent Wisner of Baum, Hedlund, Aristei & Goldman, P.C., Harris Pogust of Pogust, Braslow, & Millrood, LLC, and Michael D. Woerner of Keller Rohrback, L.L.P. appeared for Pattie and Christopher Pokorny.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**Response:** There are currently multiple additional cases filed nationwide that contain virtually identical allegations to those raised in the instant case, including the following actions:

*Ali v. Eli Lilly & Co.*, 1:14-cv-01615 (E.D. Va.)
*Barrett v. Eli Lilly & Co.*, 5:14-cv-01675 (C.D. Cal.)
*Boling v. Eli Lilly & Co.*, 8:14-cv-02554 (D. Md.)
*Brotherton v. Eli Lilly & Co.*, 8:14-cv-02876 (M.D. Fla.)
*Caporale v. Eli Lilly & Co.*, 5:14-cv-01662 (C.D. Cal.)
*Carpenter v. Eli Lilly & Co.*, 1:14-cv-540 (D.N.H.)
*Cheney v. Eli Lilly & Co.*, 1:14-cv-02249 (D. Colo.)
*Cheshier v. Eli Lilly & Co.*, 1:14-cv-01265 (E.D. Cal.)
*Couch v. Eli Lilly & Co.*, 1:14-cv-02564 (N.D. Ga.)
*Fairbanks v. Eli Lilly & Co.*, 1:14-cv-02469 (W.D. La.)
*Gentry v. Eli Lilly & Co.*, 2:15-cv-00023 (D. Nev.)
*Gollin v. Eli Lilly & Co.*, 0:14-cv-61810 (S.D. Fla.)

*Hagan-Brown v. Eli Lilly & Co.*, 1:14-cv-01614 (E.D. Va.)
*Harris v. Eli Lilly & Co.*, 1:14-cv-00682 (M.D.N.C.)
*Herrera v. Eli Lilly & Co.*, 2:13-cv-02702 (C.D. Cal.)
*Hexum v. Eli Lilly & Co.*, 2:13-cv-02701 (C.D. Cal.)
*Hollowell v. Eli Lilly & Co.*, 5:14-cv-01663 (C.D. Cal.)
*Kelly v. Eli Lilly & Co.*, 4:14-cv-03869 (N.D. Cal.)
*Krupp v. Eli Lilly & Co.*, 8:14-cv-02792 (M.D. Fla.)
*Laica-Bhoge v. Eli Lilly & Co.*, 6:14-cv-01286 (M.D. Fla.)
*Loux v. Eli Lilly & Co.*, 3:14-cv-01287 (D. Or.)
*Martin v. Eli Lilly & Co.*, 1:14-cv-02800 (D. Colo.)
*Mayes v. Eli Lilly & Co.*, 4:14-cv-01759 (N.D. Ohio.)
*McCabe v. Eli Lilly & Co.*, 0:14-cv-03132 (D. Minn.)
*O'Shea v. Eli Lilly & Co.*, 8:14-01274 (C.D. Cal.)
*Patterson v. Eli Lilly & Co.*, 2:14-cv-08527 (C.D. Cal.)
*Pickaree v. Eli Lilly & Co.*, 4:14-cv-3481 (S.D. Tex.)
*Rossero v. Eli Lilly & Co.*, 2:14-01084 (W.D. Penn.)
*Schaffer v. Eli Lilly & Co.*, 4:14-cv-01483 (E.D. Mo.)
*Scherer v. Eli Lilly & Co.*, 4:14-cv-01484 (E.D. Mo.)
*Seagroves v. Eli Lilly & Co.*, 2:13-cv-01183 (D. Ariz.)
*Streeter v. Eli Lilly & Co.*, 3:14-cv-00555 (W.D. Wisc.)
*Valentino v. Eli Lilly & Co.*, 6:14-cv-01816 (M.D. Fla.)
*Wagner v. Eli Lilly & Co.*, 2:14-cv-00270 (E.D. Wash.)
*Walker v. Eli Lilly & Co.*, 2:14-cv-01988 (D. Nev.)
*Wheeler v. Eli Lilly & Co.*, 3:14-01882 (S.D. Cal.)
*Whitworth v. Eli Lilly & Co.*, 5:14-cv-00459 (E.D.N.C.)
*Williams v. Eli Lilly & Co.*, 5:14-cv-00460 (E.D.N.C.)
*Woodruff v. Eli Lilly & Co.*, 2:14-cv-01890 (E.D. Cal.)

   3. <u>Briefly</u> describe what this case is about.

**Response:** Defendant Eli Lilly and Company ("Lilly") manufactures and sells Cymbalta®, a prescription antidepressant medicine approved by FDA to treat a variety of conditions including diabetic peripheral neuropathy.

**Plaintiffs' Position:**  Plaintiff Pattie Pokorny was prescribed Cymbalta® by her doctor. Plaintiffs allege that when she stopped taking the medication she suffered from "withdrawal symptoms."  Plaintiffs allege that Lilly: (1) failed to *adequately* warn about the frequency, severity, and duration of "withdrawal symptoms"; (2) failed to *adequately* provide information about how to safely taper off Cymbalta® upon discontinuation; and (3) failed to design a medication and/or pill that could safely be tapered off without significant risks of "withdrawal symptoms."

**Lilly's Position:**  Since 2004, the FDA-approved package insert for Cymbalta has included a detailed, three-paragraph warning on the potential risk of symptoms upon discontinuation of Cymbalta treatment.  Lilly maintains that the Cymbalta discontinuation warning is adequate as a matter of law, *McDowell v. Eli Lilly & Co.*, -- F. Supp. 3d --, No. 13-3786, 2014 WL 5801604, at

*10-*15 (S.D.N.Y. Nov. 7, 2014) (ruling that Cymbalta discontinuation warning is adequate as a matter of law), and that Plaintiffs cannot establish that any alleged inadequacy in the warning was the cause of Plaintiff Pattie Pokorny's alleged injuries.

4. Specify the allegation of federal jurisdiction.

**Response:** Plaintiffs allege that there is complete diversity of citizenship between themselves and Lilly and that they have suffered damages in excess of $75,000.00, thereby satisfying the jurisdictional requirements of 28 U.S.C. § 1332.

5. Name the parties who disagree and the reasons.

**Response:** There is no disagreement with respect to the existence of federal jurisdiction.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Response:** No additional parties are anticipated.

7. List anticipated interventions.

**Response:** No interventions are anticipated.

8. Describe class-action issues.

**Response:** This action presents no class action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Response:** The parties have not yet made the initial disclosures required by Rule 26(a). The parties have agreed that Defendant Lilly shall make its disclosures within 14 days of the parties' 26(f) conference, as required by Rule 26(a). The parties have further agreed that Rule 26(a)(1) disclosures will be made for Plaintiffs in the instant action and the related actions identified at Item #2 above no later than February 9, 2015.

10. Describe the proposed agreed discovery plan, including:
   a. Responses to all of the matters raised in Rule 26(f).
   b. When and to whom the plaintiff anticipates it may send interrogatories.
   c. When and to whom the defendant anticipates it may send interrogatories.
   d. Of whom and by what date the plaintiff anticipates taking oral depositions.
   e. Of whom and by what date the defendant anticipates taking oral depositions.
   f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.
   g. Expert depositions that the plaintiff (or the party with the burden of proof on an issue) anticipates taking, and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).
   h. List expert depositions that the opposing party anticipates taking, and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

**Response:** Discovery will be conducted on the allegations in the Complaint and the defenses in the Answer, including discovery on the Plaintiffs' claimed injuries, medical conditions, and alleged damages, Defendant's liability, and general and case-specific causation.

The parties have agreed upon a discovery schedule that takes into account both the discovery already exchanged in related cases and the need to coordinate discovery across numerous actions.  The parties suggest the following:

- Twelve months of fact discovery, ending January 7, 2016, including the exchange of interrogatories by both parties and the taking of oral depositions by both parties.
    - Plaintiffs anticipate sending interrogatories to Defendant.  Plaintiffs may send interrogatories to additional individuals or entities based on the results of further discovery.
    - Defendant anticipate sending interrogatories to Plaintiffs Pattie and Charles Pokorny.  Defendant may send interrogatories to additional individuals or entities based on the results of further discovery.
    - Plaintiffs anticipate deposing various individuals and executives at Lilly. Plaintiffs may need to depose additional individuals or entities based on the results of further discovery.
    - Defendant anticipates deposing Plaintiffs, the medical provider who prescribed Cymbalta® to Ms. Pokorny, and additional individuals, including medical providers, based on the results of further discovery.
- Four months of expert discovery, ending May 6, 2016, including the exchange of expert reports by both parties and the taking of expert depositions by both parties.
    - Plaintiffs' expert witnesses will be identified through their reports on February 8, 2016.
    - Defendant's expert witnesses will be identified through their reports on March 9, 2016.
    - Expert depositions will take place between March 10 and May 6, 2016.
- All dispositive and non-dispositive  motions (with the exception of motions *in limine*) will be filed by June 7, 2016.
- Motions *in limine* will be filed by September 5, 2016.

-4-

- Trial would commence on September 12, 2016.

The Parties agree that an appropriate confidentiality order should be entered by the Court. The Parties will meet and confer regarding an order and provide a proposed order for the Court.

At this time, there do not appear to be any special issues related to the disclosure or discovery of electronically stored information. The parties reserve the right to identify issues that may arise related to disclosures or discovery of electronically stored information and anticipate that a mutually agreed-upon stipulation governing the discovery of electronically stored information will be entered.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Response:** The parties are agreed on the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Response:** Although no discovery has yet been undertaken in this matter, Defendant Lilly has produced approximately 2 million pages of documents in related cases. In those related cases, Defendant Lilly has produced for deposition three 30(b)(6) witnesses and three Lilly employees in their individual capacity.

13. State the date by which the planned discovery can reasonably be completed.

**Response:** As set forth above, the parties propose that fact discovery be completed by January 7, 2016.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

**Response:** The parties believe that at this time a prompt settlement or resolution of this case is unlikely. Defendant and some counsel for Plaintiffs previously engaged in settlement discussions, but they were unsuccessful. The parties remain amenable to further discussions as discovery proceeds in this case.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Response:** Defendant and some counsel for Plaintiffs previously engaged in settlement discussions in related cases, but they were unsuccessful. The parties do not believe that any further efforts will be productive at this time, although all parties remain amenable to further discussions as discovery proceeds in this case.

16. From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such techniques may be effectively used in the case.

**Response:** The parties have agreed to engage in good-faith settlement discussions by the end of the expert discovery period, May 6, 2016 and to certify accordingly at that point to the Court.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Response:** The parties agree that the trial should be heard by this Court and do not consent to trial by a magistrate judge.

18. State whether a jury demand has been made and whether it was made on time.

**Response:** Plaintiffs have timely demanded a jury trial in this matter.

19. Specify the number of hours that it will take to present the evidence in this case.

**Response:** The parties believe that the presentation of evidence in this case will require between 5-10 Court days, or roughly 35-70 hours.

20. List pending motions that can be resolved at the initial pretrial and scheduling conference.

**Response:** There are no currently pending motions in this matter.

21. List other pending motions.

**Response:** There are no currently pending motions in this matter.

22. Indicate other matters peculiar to the case, including discovery issues that deserve the special attention of the Court at the conference.

**Response:** The parties at this time have no other matters requiring the Court's attention.

23. Certify that all parties have filed Disclosure of Interested Parties, as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original disclosures and any amendments.

**Response:** Defendant filed its disclosure of interested parties on November 14, 2014. Plaintiffs Pattie and Christopher Pokorny have not yet filed their disclosures.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**Response:**

*For Plaintiffs Pattie and Christopher Pokorny:*

David Friend, Esq.
TX Bar No. 0079658
dfriend@hkllp.com
HISSEY KIENTZ, LLP
One Arboretum Plaza
9442 Capital of Texas Hwy N., Suite 400
Austin, TX 78759
Tel: (512) 320-9100
Fax: (512) 320-9101

Michael D. Woerner, Esq., *Pro Hac Vice Pending*
mwoerner@kellerrohrback.com
WA Bar No. 15452
Meredith Gray, Esq., *Pro Hac Vice Pending*
mgray@kellerrohrback.com
WA Bar No. 47572
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384

Khesraw Karmand, *Pro Hac Vice Pending*
kkarmand@kellerrohrback.com
CA Bar No. 280272
KELLER ROHRBACK L.L.P.
1129 State Street, Suite 8
Santa Barbara, CA 93101
Tel: (805) 456-1496
Fax: (805) 456-1497

-8-

*For Defendant Eli Lilly and Company:*

Stephen E. Scheve
Texas Bar No. 00794928
S.D. Tex. No. 18784
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
(713) 469-3812
sscheve@reedsmith.com

Jason H. Casell
Texas Bar No. 24063869
S.D. Tex. No. 1055672
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002
(713) 469-3891
jcasell@reedsmith.com

Michael X. Imbroscio (*pro hac vice*)
DC and D.D.C. Bar No. 445474
Covington & Burling LLP
One City Center, 850 Tenth Street NW
Washington, DC 20001
(202) 662-5694
mimbroscio@cov.com

Phyllis A. Jones (*pro hac vice*)
DC and D.D.C. Bar No. 983154
Covington & Burling LLP
One City Center, 850 Tenth Street NW
Washington, DC 20001
(202) 662-5868
pajones@cov.com

DATED this 13th day of January, 2015.

By: */s/ David Friend*
    David Friend, Esq.
    dfriend@hkllp.com
    TX Bar No. 0079658
    HISSEY KIENTZ, LLP
    One Arboretum Plaza
    9442 Capital of Texas Hwy N., Suite 400
    Austin, TX 78759
    Tel: (512) 320-9100
    Fax: (512) 320-9101

    Michael D. Woerner, Esq., *Pro Hac Vice*
    *Pending*
    mwoerner@kellerrohrback.com
    WA Bar No. 15452
    Meredith Gray, Esq., *Pro Hac Vice*
    *Pending*
    mgray@kellerrohrback.com
    WA Bar No. 47572
    KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Tel.: (206) 623-1900
    Fax: (206) 623-3384

    Khesraw Karmand, *Pro Hac Vice*
    *Pending*
    kkarmand@kellerrohrback.com
    CA Bar No. 280272
    KELLER ROHRBACK L.L.P.
    1129 State Street, Suite 8
    Santa Barbara, CA 93101
    Tel: (805) 456-1496
    Fax: (805) 456-1497

    *Attorneys for Plaintiffs Pattie Pokorny and*
    *Christopher Pokorny (H/W)*

By: /s/ *Stephen E. Scheve*
    Stephen E. Scheve
    Attorney-in-Charge
    Texas Bar No. 00794928
    S.D. Tex. No. 18784
    Jason H. Casell
    Texas Bar No. 24063869
    S.D. Tex. No. 1055672
    Reed Smith LLP
    811 Main Street, Suite 1700
    Houston, TX 77002
    sscheve@reedsmith.com
    Telephone: +1 713 469 3800
    Facsimile: +1 713 469 3899

    Michael X. Imbroscio (*pro hac vice*)
    Phyllis A. Jones (*pro hac vice*)
    DC and D.D.C. Bar No. 983154
    Covington & Burling LLP
    One City Center, 850 Tenth Street NW
    Washington, DC 20001
    mimbroscio@cov.com
    pajones@cov.com
    Telephone: (202) 662-5868
    Facsimile: (202) 778-5868

    *Attorneys for Defendant*
    *Eli Lilly and Company*